IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARK KAMMERER,                              §
                                            §
              Petitioner,                    §
                                            §
v.                                          §              1:26-CV-1625-RP
                                            §
MIGUEL VERGARA, *in his official capacity as* §
*Field Office Director, San Antonio, Immigration and* §
*Customs Enforcement*, et al.,               §
                                            §
              Respondents.                   §

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Mark Kammerer's ("Petitioner") Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2241, filed on June 22, 2026. (Pet., Dkt. 1). On June 25, 2026, pursuant to

28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the

petition should not be granted. (Dkt. 3). Respondents timely filed a Response.[1] (Resp., Dkt. 4).

Having considered the parties' arguments, the evidence presented, and the relevant law, the Court

will grant Petitioner's Petition for Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a citizen of Hungary, is currently detained at the T. Don Hutto Detention Center

located in Taylor, Texas. (Pet., Dkt. 1, at 2, 4). Petitioner alleges, and Respondents agree, that he

entered the United States in October 2019 through the Visa Waiver Program ("VWP"), which

allows admission into the United States for ninety days or fewer as a non-immigrant visitor. (*Id.* at 2,

7; Resp., Dkt. 4, at 1–2). Noncitizens may only take advantage of the VWP if they "waive[] any right

. . . to contest, other than on the basis of an application for asylum, any action for removal of the

alien." 8 U.S.C. § 1187(b); *Lavery v. Barr*, 943 F.3d 272, 273 (5th Cir. 2019). Petitioner did not leave

---

[1] The Department of Justice does not represent the Warden. (Resp., Dkt. 4, at 1 n.1).

the country after ninety days and has remained in the United States since October 2019. (Pet., Dkt. 1, at 2; VWP Not., Dkt. 4-2, at 4).

According to Respondents, the Federal Bureau of Investigation ("FBI") "requested the assistance of Immigration and Customs Enforcement based on an active Red Notice" for Petitioner.[2] (Resp., Dkt. 4, at 2). Immigration and Customs Enforcement ("ICE") then "conducted records checks and determined that Petitioner had entered the United States on October 14, 2019, as a visa waiver visitor with authorization to remain in the United States for a period not to exceed January 11, 2020." (*Id.*). According to Petitioner's Form I-213, on April 7, 2026, the FBI and ICE set up surveillance outside of Petitioner's home. (Form I-213, Dkt. 4-1, at 2). When he exited his house, Petitioner was "arrested by [the] FBI" and was then questioned by a Deportation Officer; Petitioner answered that he was a citizen of Hungary without immigration documents allowing him to remain in the United States. (*Id.*). Petitioner was then taken into ICE custody. (*Id.*).

On that same date, Petitioner was served with a VWP Final Administrative Removal Order ("FARO"). (FARO, Dkt. 4-2, at 3). The FARO states that it is "final and not subject to administrative appeal." (*Id.*). The FARO further provides that the government will proceed with Petitioner's "removal from the United States unless a court order is issued to stay [his] removal or an application for asylum, withholding, or deferral of removal is pending before the Department of Justice, Executive Office for Immigration Review." (*Id.*). Petitioner then requested asylum, citing fear of persecution and torture if returned to Hungary. (VWP Not., Dkt. 4-2, at 5). Respondents

---

[2] The Court takes judicial notice that the INTERPOL website provides: "A Red Notice is a request to law enforcement worldwide to locate and provisionally arrest a person pending extradition, surrender, or similar legal action. A Red Notice is not an international arrest warrant." INTERPOL, *View Red Notices* (last visited June 30, 2026), https://www.interpol.int/en/How-we-work/Notices/Red-Notices/View-Red-Notices. Petitioner's Red Notice was filed by Respondents on the docket under seal. (Dkt. 5). Though it is referenced in Respondents' Response, Respondents do not assert detention authority based upon the Red Notice.

assert that he is mandatorily being held in ICE custody, claiming that his VWP FARO is a final order of removal as set forth in 8 U.S.C. § 1231(a)(2). (Resp., Dkt. 4, at 3).

## II. DISCUSSION

### A. Jurisdiction

Respondents assert that 8 U.S.C. § 1252(g) "strips courts of jurisdiction to enjoin the government's execution of a final order of removal," such that the Court does not have jurisdiction over this action. The Court disagrees. Petitioner does not attack his VWP FARO itself; rather, he challenges his detention while he has a pending asylum application. (*See* Pet., Dkt. 1, at 6–9). As the Fifth Circuit itself has acknowledged, § 1252(g) "does not . . . preclude habeas review of challenges to detention that are independent of challenges to removal orders." *Baez v. Bureau of Immig. & Cust. Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (per curiam). *See also Kim v. Obama*, No. EP-12-CV-173-PRM, 2012 WL 10862140, at *1 n.3 (W.D. Tex. July 10, 2012); *AMM v. Thompson*, No. SA-25-CV-01210-FB, 2025 WL 3296315, at *2 (W.D. Tex. Nov. 26, 2025). Respondents' assertion that Petitioner's challenge of his detention is effectively challenging his final order of removal is unavailing, (*see* Resp., Dkt. 4, at 10), as it presupposes that his order of removal is in fact final and that § 1231 applies. Accordingly, the Court has jurisdiction over Petitioner's claims.

### B. Applicability of Section 1231

As explained in Section I, *supra*, the VWP allows noncitizens to enter the United States as visitors, so long as they waive the right to contest any action for removal "other than on the basis of an application for asylum." 8 U.S.C. § 1187(b)(2). Respondents assert that, despite Petitioner's pending application for asylum, his VWP FARO is a final order of removal pursuant to § 1231, such that he must be detained. They cite to *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) for support, comparing his asylum-only proceedings to withholding-only cases. (Resp., Dkt. 4, at 4).

The Court is not convinced by Respondents' arguments. Every circuit court that has thus far considered this issue has concluded that a VWP FARO is *not* final until the noncitizen's application for asylum—if one has been timely filed—has been denied. *See Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018) ("[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief."); *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008) (construing "the final disposition of an asylum-only proceeding" in VWP case as the final order of removal); *Shkembi v. Att'y Gen. U.S.*, 41 F.4th 237 (3d Cir. 2022) (quoting *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007)) (explaining that "denial of a VWP applicant's petition for asylum . . . constitutes 'a final order of removal'"); *Kanacevic v. I.N.S.*, 448 F.3d 129, 133 (2d Cir. 2006) ("[B]ecause of the truncated rights available to a Visa Waiver Applicant, the denial of the asylum application is in effect a final order of removal because [the applicant] can be removed without further proceedings."); *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) ("The denial of an asylum application in a VWP proceeding is so closely tied to the removal of the alien that it can be deemed . . . a final order of removal."); *Salomao v. Garland*, No. 20-1856, 2022 WL 1301773, at *3 (4th Cir. May 2, 2022) ("[D]enying a VWP participant's relief in an asylum-only proceeding functions like a final order of removal . . . .").

The Court agrees with the above circuit courts in light of the Supreme Court's reasoning in *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021). In *Guzman Chavez*, the Supreme Court explained that an application for withholding-only relief does not affect the finality of an order of removal, given that withholding-only relief "relates to *where* an alien may be removed. It says nothing, however, about the antecedent question *whether* an alien is to be removed from the United States." *Id.* at 536 (emphasis in original). The Supreme Court "distinguished withholding-only relief from asylum, noting that 'a grant of asylum permits an alien to remain in the United States and to apply for

4

permanent residency after one year.'" *Id.* (quoting *I.N.S. v. Aguirre*, 526 U.S. 415, 419 (1999)). As a United States Magistrate Judge in a sister court aptly reasoned, "[t]his discussion in *Guzman Chavez* clearly implies that, for purposes of § 1231, a FARO is not final when an alien is seeking relief which, unlike withholding, *does* say something about '*whether* an alien is to be removed from the United States.' Asylum fits the bill." *AMM v. Thompson*, No. SA-25-CV-1210-FB-HJB, 2025 WL 3296316, at *6 (W.D. Tex. Nov. 18, 2025), *report and recommendation adopted,* No. SA-25-CV-01210-FB, 2025 WL 3296315 (W.D. Tex. Nov. 26, 2025).[3]

Accordingly, the Court finds that, while his asylum application remains pending, Petitioner's VWP FARO is not a final order of removal for purposes of detention under § 1231. Given that Petitioner is being held under a statutory authority that does not apply to him, the Court need not reach any constitutional arguments. *See Braidwood Mgt., Inc. v. Equal Empl. Opportunity Comm'n*, 70 F.4th 914, 940 n.60 (5th Cir. 2023) (citations omitted) ("[T]he canon of constitutional avoidance indicates that if relief on statutory grounds is possible, courts should avoid granting relief on constitutional grounds.").

The Court also notes that, though Respondents mention the fact of Petitioner's Red Notice and provide the Red Notice to the Court under seal, they do not assert any additional detention authority based on the Red Notice (e.g., 8 U.S.C. § 1226(c)). The Court therefore does not take the Red Notice into account when considering the lawfulness of Petitioner's current detention.

---

[3] Indeed, the United States District Judge who adopted this report and recommendation found *de novo* that the *Guzman Chavez* Court's reasoning "suggests that ongoing asylum-only proceedings render a FARO not administratively final under 8 U.S.C. § 1231." *AMM v. Thompson,* No. SA-25-CV-1210-FB, 2025 WL 3296315, at *3 (W.D. Tex. Nov. 26, 2025).

## C. Appropriate Relief

Turning to relief, in habeas cases where the Court finds an ongoing detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Given that the Court has found the statutory authority being asserted to detain Petitioner does not apply, it would not be appropriate to order a bond hearing.[4] The Court therefore concludes that the appropriate remedy for unlawful detention in this case is release and will order Petitioner's immediate release.

## III. CONCLUSION

The foregoing order constitutes the Court's findings of fact and conclusions of law. For the reasons discussed above, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as follows. All relief not granted is **DENIED**.

1. Upon receipt of this order, Respondents shall <u>immediately</u> release Petitioner from custody;

2. Respondents shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case and shall return all of Petitioner's documents and possessions;

3. As soon as is practicable, and no less than two hours before release, Respondents shall notify Petitioner's counsel by email and phone[5] of the exact location and time of Petitioner's release;

4. Respondents are enjoined from further detaining Petitioner under 8 U.S.C. § 1231 while his asylum application remains pending.

---

[4] Moreover, Board of Immigration Appeals ("BIA") precedent mandates that immigration judges lack jurisdiction to hold bond hearings for VWP overstays in asylum-only proceedings. *See Matter of A-W-*, 25 I&N Dec. 45, 48 (BIA 2009).

[5] Margie Lazo, 617-418-5442 and lazomargie.law@gmail.com

**IT IS FINALLY ORDERED** that Respondents shall provide a status report **on or before**

**July 13, 2026**, detailing their compliance with this Order.

**SIGNED** on July 10, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE